UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN BRAUNM, et al.,

    Plaintiffs,

v.                                                CASE NO. 8:18-cv-1883-T-23SPF

WINNEBAGO INDUSTRIES, INC., et al.,

    Defendants.
_____/

## **ORDER**

John Braunm and David Jean purchased a recreational vehicle manufactured by Winnebago. Alleging that the vehicle was delivered in a defective condition and suffered further damage during repairs, Braunm and Jean sued (Doc. 2) in state court under the Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301–12. Braunm and Jean specify no damages. Winnebago, contending that the amount in controversy is the vehicle's full $294,098.60 purchase price, removed (Doc. 1) the action. Braunm and Jean move (Doc. 8) to remand, and Winnebago opposes (Doc. 9) the motion.[1]

---

[1] Two weeks after the motion to remand, an August 29. 2018 order (Doc. 13) granted the parties' motion (Doc. 12) to stay the case. Braunm and Jean move (Doc. 20) to re-open the case.

Winnebago's response (Doc. 9) argues that the motion to remand (Doc. 8) should be denied for failure to comply with Local Rule 3.01(g). Although Braunm and Jean's motion fails to comply with the rule, Winnebago opposed the motion to remand on the merits. Further, the four-month stay provided the parties ample time to confer. No resolution of the parties' dispute on the motion to remand appears, and Winnebago suffers no prejudice by considering the motion to remand even absent a 3.01(g) certification.

Under a Magnuson Moss action in federal court, the amount in controversy must exceed $50,000, and state law determines a plaintiff's damages. *Boyd v. Home of Legend, Inc.*, 188 F.3d 1294, 1296, 1298 (11th Cir. 1999). The removing defendant must establish the requisite amount in controversy by a preponderance of the evidence. *Williams v. Best Buy Co., Inc*, 269 F.3d 1316, 1319 (11th Cir. 2001). Under Section 672.714(2), Florida Statutes, a breach of warranty claim entitles a prevailing party to the difference between the item's purchase price and the allegedly defective item's value on the purchase date. *Messmer v. Thor Motor Coach, Inc.*, No. 3:16-cv-1510-J-34JBT, 2017 U.S. Dist. LEXIS 7236, at *5 (M.D. Fla. Jan. 19, 2017) (Howard, J.).

The purchase contract states that Braunm and Jean's vehicle cost $294,098.60. (Doc. 2-1 at 2) But because no party proffers the value of the allegedly defective vehicle, the amount in controversy is indeterminate. Accordingly, Winnebago fails to establish the requisite amount in controversy.

Winnebago argues that the vehicle's full purchase price is the amount in controversy because Braunm and Jean twice before suing demanded full repurchase. (Doc. 1 at 2; Doc. 9 at 1–2) But a breach of warranty action under Florida law does not entitle a prevailing plaintiff to the full purchase price of the warranted item (unless the item was valueless). *Messmer*, 2017 U.S. Dist. LEXIS 7236 at *5. Further, the amount in controversy is not the full purchase price because Braunm and Jean do not demand the purchase price. Rather, Braunm and Jean demand the

vehicle's diminution in value, the cost of repairs, and incidental and consequential damages.[2] (Doc. 2 at 11–12; 14) Winnebago fails to show that Braunm and Jean's demanded relief exceeds $50,000.

Alternatively, Winnebago argues that Braunm and Jean seek the full purchase price because the complaint alleges that Winnebago's warranty failed the warranty's "essential purpose[,] entitling [Braunm and Jean] to seek any remedy available at law." (Doc. 1 at 3) But again, whatever the law might allow Braunm and Jean to claim, Braunm and Jean specifically demand only the vehicle's diminution in value, the cost of repairs, and incidental and consequential damages.

The motion to re-open the case (Doc. 20) is **GRANTED**. Braunm and Jean's motion to remand (Doc. 8) is **GRANTED**. This action is **REMANDED** to the Circuit Court for Hillsborough County. The clerk is directed to re-close the case.

ORDERED in Tampa, Florida, on January 25, 2019.

                                                    STEVEN D. MERRYDAY
                                      UNITED STATES DISTRICT JUDGE

---

[2] In a Magnuson Moss action, an attorney's fee is not included in the amount in controversy. *Ansari v. Bella Automotive Group, Inc.*, 145 F.3d 1270, 1272 (11th Cir. 1998).